# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | Case No.  1:25-cv-01106-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| CHACON, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| Defendant. | |
| | (ECF No. 19) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Jonathan Christopher Coffer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The case was transferred to this Court on September 2, 2025.  (ECF No. 5.)  On February 23, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 18.)  Plaintiff's first amended complaint, filed on March 9, 2026, is currently before the Court for screening.  (ECF No. 19.)

## II.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California.  The events in the complaint are alleged to have occurred while Plaintiff was being transported to the California Health Care Facility.  Plaintiff names Officer Chacon, an officer at the California Health Care Facility, as the sole defendant.

In Claim I, Plaintiff asserts a violation of the Fourteenth Amendment for medical delay.  Plaintiff alleges that on September 30, 2024, Officer Chacon abridged his right to medical by going to a Jack in the Box restaurant.  According to Plaintiff, after any hospital visit, CDCR has a rule that the inmate is supposed to "mandatory get checked & cleared by CDCR's medical before the inmate is admitted back into the unit."  (ECF No. 19 at 3.)  In Plaintiff's case, Officer Chacon, instead of getting Plaintiff checked by CDCR SEMS medical, went to a restaurant in violation of protocol.  Plaintiff ended up hyperventilating and becoming seriously sick because of it.  Plaintiff

2

had just left San Joaquin Hospital and needed medical attention.  Plaintiff told Officer Chacon, but instead of going to SEMS medical, he went to Jack in the Box and Plaintiff had an incident of hyperventilating in the drive thru.  This hyperventilating attack lasted 10 minutes with this officer never doing anything.  Plaintiff needed medical attention.  They were not supposed to be at Jack in the Box.  They finally made it to SEMS medical, and Plaintiff was prescribed hyperventilating medications.  Plaintiff contends this all could have been prevented if only Officer Chacon went straight to SEMS medical from the hospital.

In Claim II, Plaintiff asserts a violation of the Eighth Amendment for medical deliberate indifference.  Plaintiff alleges that he notified Officer Chacon that he needed medical attention, but he did not go straight to SEMS medical.  Instead, he went to a drive thru restaurant.  Plaintiff had to suffer for an extra 30 minutes at the Jack in the Box drive thru because this officer wanted to get something to eat.  Plaintiff needed extra medical attention when he finally got to SEMS medical by being escorted in a wheelchair and given hyperventilating medicine.  Plaintiff contends that his sitting in the drive thru hyperventilating was unnecessary and wanton infliction of pain and could have been prevented if Officer Chacon went to SEMS medical when Plaintiff notified him that he was hyperventilating.  Instead of going to SEMS medical, he ignored Plaintiff and drove to a drive thru restaurant.

Plaintiff further alleges that he notified Officer Chacon that he was hyperventilating and needed to be seen by medical, but instead of going to medical, he drove to the Jack in the Box drive thru and Plaintiff had to wait 30 minutes in "this condition of wheezing & feeling hot & dizzy." (ECF No. 19 at 5.)  Plaintiff contends that he suffered headaches for weeks after because he had to stay in the condition of hyperventilating in the van for 30 minutes.  Plaintiff was prescribed a medication called meclizine, which is for dizziness and headaches.  Plaintiff contends that if the officer "would have went straight to SEMS medical [Plaintiff] would not had suffered those headaches because [he] would have been seen sooner." (*Id.*)  Plaintiff further contends that the 30-minute wait of hyperventilating "did significant damage to [his] brain to the point [he] was dizzy at times & suffered headaches." (*Id.*)  Plaintiff claims this "could have all been prevented if only Officer Chacon went straight to SEMS medical when [Plaintiff] notified

him [he was] hyperventilating." (*Id.*)  Per Plaintiff, SEMS medical was 10 minutes away so instead of doing 30 minutes hyperventilating, he could have only done 10 minutes.  He alleges that "30 minutes is to [sic] long feeling wheezing, hot & dizzy & could of all been prevented" and "[h]aving to be escorted to SEMS in a wheelchair could have been totally prevented."  (*Id.*)

As relief, Plaintiff requests $3,000 through settlement or $80,000 through trial.

**IV.    Discussion**

Plaintiff alleges a violation of the Eighth and Fourteenth Amendments for medical care. As Plaintiff was a state prisoner at the time of the events alleged, his claim regarding medical care falls under the Eighth Amendment, not Fourteenth Amendment.  The Supreme Court has emphasized that the Eighth Amendment's cruel and unusual punishments clause is the appropriate mechanism for raising claims that challenge inhumane or unsafe conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Accordingly, the Court will recommend dismissal of Plaintiff's medical care claim arising under the Fourteenth Amendment.

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have

been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

Liberally construing the allegations in Plaintiff's first amended complaint, the Court finds that Plaintiff states a cognizable claim against Defendant Chacon for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**V.    Conclusion and Recommendations**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Chacon for deliberate indifference to serious medical needs in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief. As the deficiencies cannot be cured by further amendment, leave to amend should not be granted.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, (ECF No. 19), filed March 9, 2026, against Defendant Chacon for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 12, 2026**              /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

6